Requestor: Patrick E. Barber, Esq., Town Attorney Town of Fort Edward P.O. Box 393 Fort Edward, N.Y. 12828
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether members of the Fort Edward School District board of education may also serve as members of the town's board of assessment review.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The town board of assessment review is charged with the duty of hearing and determining appeals in relation to the assessment of real property within the town. Real Property Tax Law § 525.
The school board is responsible for the levying of school district taxes upon all real property within the district which is not by law exempt from taxation. Id., § 1308. For purposes of the levy of taxes, the value of real property is ascertained from the latest final assessment role of the town wherein the school district is located. Id., § 1302(1). Town assessors must deliver that part of the assessment roll applying to the district to each school district on or before August 1. Id., § 1302(2).
Thus, the levying of the school tax is based upon the assessment of real property by town officials as indicated in the approved assessment roll. The determination of a particular appeal by a town board of assessment review will have no effect on the ability of the school district to levy sufficient taxes for purposes of its budget. The levy of taxes is based upon the final assessment roll established after the determination of appeals by the board of assessment review.
We conclude that a person may serve as a member of a board of education and as a member of a town board of assessment review.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.